Daniel J. Colaiannia Acting Insurance Commissioner Colorado Division of Insurance First Western Plaza Bldg. 303 W. Colfax Ave., 5th Floor Denver, Colorado 80204
Dear Commissioner Colaiannia:
This opinion is in response to Commissioner Barnes' January 4, 1984 request for a formal attorney general's opinion regarding the exemption of premium tax on premiums paid by certain public entities.
QUESTIONS PRESENTED AND CONCLUSIONS
The request for an attorney general's opinion presents the following five questions:
1. Are premiums paid by the employer, which employer is the state or appropriate governmental entity within the state, properly interpreted as not being subject to the premium tax?
 Premiums paid by public entities are exempt when certain conditions have been met.
2. Where the governmental entity, as an employer, pays part of the premium and the employee pays the balance, is only the portion of the premium paid by the state exempt from premium tax?
Yes.
3. Are premiums on insurance under deferred compensation plans subject to premium tax under circumstances where the premium amount is not deemed taxable income to the employee?
Yes.
4. Do the conclusions reached with regard to the foregoing questions apply equally to domestic and foreign insurance companies licensed in Colorado?
 Except for the retaliatory tax and certain provisions covering insurance business done by fraternal and benevolent associations and certain domestic insurance companies which issued policies prior to 1959, the statute draws no distinction between foreign and domestic insurance companies.
5. Does the retaliatory tax provision, C.R.S. 1973, 10-3-209(2), apply to foreign insurers otherwise eligible for the premium tax exemption?
Yes.
ANALYSIS
C.R.S. 1973, 10-3-209 levies a tax, to be paid by all insurance companies doing business in this state, on all premiums collected or contracted for on insurance covering property or risks located in this state. C.R.S. 1973, 10-3-209(1)(d) sets out certain exemptions to this tax one of which concerns premiums paid by certain governmental entities. The pertinent language of that subsection reads as follows:
 (IV) Except to the extent provided in subsection (2) of this section, the tax imposed by this section . . . shall not apply to premiums collected or contracted for after December 31, 1968, on policies or contracts purchased for an employee by an employer if such employer . . . is a state, a political subdivision of a state, or an agency or instrumentality of a state or political subdivision of a state, and if such premiums are not includable in such employee's Colorado adjusted gross income as defined in section 39-22-110, C.R.S. 1973.
There are five conditions which must be met in order for an insurance company to claim the premium tax exemption outlined in this section. These conditions are:
 1. the premiums must be collected or contracted for after December 31, 1968,
 2. the insurance coverage must have been purchased by an employer for an employee,
 3. the employer must be the state, a political subdivision of the state or an agency or instrumentality of the state or political subdivision of the state,[1]
 4. the premium paid by the employer for the insurance must not be includable in the employee's Colorado adjusted gross income as defined in C.R.S. 1973, 39-22-110 (1982 repl. vol. 16B),
 5. the insurance company charging the premiums must not be incorporated in a state whose law does not have a comparable exemption available to Colorado insurance companies doing business in that state.
Normally, the governmental entity employers described in this section will be purchasing only the types of insurance which are part of a typical employee benefit plan, i.e., accident and health insurance and modest group term life insurance. The premiums for such insurance, if paid by the employer will not be includable in the employee's Colorado adjusted gross income as defined in C.R.S. 1973, 39-22-110 (1982 repl. vol. 16B).
Section 39-22-110, with certain exceptions which are not applicable here, states that a Colorado taxpayer's adjusted gross income is the taxpayer's federal adjusted gross income for the taxable year. Section 79 of the Internal Revenue Code, 26 U.S.C. § 79, excludes from a taxpayer's gross income the premium on certain group term life insurance benefits when the premium is paid for the employee by his employer. Generally, so long as the life insurance provided is group term and the face amount is less than $50,000 the premium paid by the employer will not be counted as taxable income to the employee. 26 U.S.C. § 79 and Treas. Reg. § 1.79-1 (1983). Similarly, under section 106 of the Internal Revenue Code, contributions made by an employer to accident and health insurance designed to compensate the employee for personal injury or sickness suffered by the employee or his dependents, are not included in the taxable income of the employee.26 U.S.C. § 106 and Treas. Reg. § 1.106 (1983). The premiums collected from these types of insurance are exempt from premium tax under C.R.S. 1973, 10-3-209(1)(d)(IV).
This statute is subject to three basic interpretations:
 1. The entire premium collected is exempt from the tax if the employer pays any portion of the premium on the pertinent insurance.
 2. The exemption is available only if the employer pays all of the premium.
 3. The exemption is available if the employer and the employee each pay a portion of the premium but only to the extent of the employer's portion of the premium.
I have rejected the first interpretation because it does not comply with the second of the five conditions outlined above and because it is not consistent with the purpose of this statute.
The second condition for exemption from the tax requires that the insurance be purchased for the employee by the employer. In those situations where the employer and the employee each pay a portion of the premium, the employer has purchased the insurance for the employee only to the extent of the employer's contribution to the premium. Therefore only that portion of the premium paid by the employer would be exempt from the premium tax.
I have rejected the second interpretation because it would rule out the availability of the exemption under most circumstances. It is my understanding that most, if not all, of the time the employer and the employee share the cost of the types of insurance discussed in this opinion. Therefore, to interpret the statute to allow an exemption only if the entire premium is paid by the employer would effectively deny the public sector any of the beneficial effects of the statute.[2] Such an interpretation is unreasonable and should not be followed. See C.R.S. 1973, 2-4-201(1)(c) and (d) and 2-4-203(1)(a) and (e) (1980 repl. vol. 1B).
The remaining interpretation is that the exemption is available only to the extent that the public entity employer pays a portion of the premium on the insurance coverage. In other words, if the employer pays forty percent of the premium, forty percent of the premium would be exempt from premium tax. This interpretation conforms with the conditions listed in the statute and assures that the beneficial effects of the statute will be available to the public sector.
Your third question asks whether insurance premiums collected under deferred compensation plans would be exempt from tax. Although C.R.S. 1973, 24-52-103(1) (1982 repl. vol. 10) does allow the investing of an employee's deferred compensation in annuities and life insurance policies, such insurance would be purchased with the employee's money. The employer would make no contribution. The insurance would not be purchased for the employee by the employer. Therefore the premiums would not be exempt from tax under C.R.S. 1973, 10-3-209.
Your fourth and fifth questions ask whether there is any distinction drawn between domestic and foreign companies in applying the public entity exemption described in section 10-3-209. The statute draws no distinction between domestic and foreign companies in applying the exemption except with regard to the retaliatory tax provision outlined in section 10-3-209(2). Section 10-3-209(1)(d)(IV) states clearly that "Except to the extent provided in subsection (2) of this section the tax imposed by this section shall not apply. . . ." Thus it is clear that the retaliatory tax applies to companies which might otherwise be exempt from the premium tax. Retaliatory tax provisions are designed to induce the "foreign state to show the same consideration to corporations of the enacting state doing business therein as is shown to corporations of such foreign state doing business in the enacting state." Western Southern Life Insurance Company v. State Board of Equalization ofCalifornia, 451 U.S. 648 (1981). Therefore, a foreign company doing business in Colorado would only be entitled to the exemption if its state of incorporation had a similar exemption available to Colorado companies doing business in that state.
SUMMARY
The public entity exemption outlined in C.R.S. 1973, 10-3-209(1)(d)(IV) applies only to: (1) premiums collected or contracted for after December 30, 1968 (2) on policies or contracts purchased for employees by an employer (3) the employer is a state, a political subdivision of a state or an agent or instrumentality of a state or political subdivision of a state, (4) the premiums are not included in the employees' adjusted gross income and (5) the company claiming the exemption is from a state which has a similar exemption available to Colorado companies doing business in that state. The portion of the premium contributed by a public entity employer to the typical employee benefit plan meets these criteria and is exempt from the premium tax. Insurance purchased under deferred compensation plans is not purchased for the employee by the employer and thus is not exempt from premium tax.
The retaliatory provision of C.R.S. 1973, 10-3-209(2) applies to the public entity premium tax exemption. Therefore, a foreign insurance company is entitled to the exemption only if it meets all the pertinent criteria and the state in which it is incorporated has a similar exemption available to Colorado insurance companies.
Very truly yours,
 DUANE WOODARD Attorney General
INSURANCE TAXATION AND REVENUE PUBLIC AGENCIES
C.R.S. 1973, 10-3-209(1)(d)IV) C.R.S. 1973, 10-3-209(2)
INSURANCE, DIV. OF
The public entity exemption outlined in C.R.S. 1973, 10-3-209(1)(d)(IV) applies only to: (1) premiums collected or contracted for after December 30, 1968 (2) on policies or contracts purchased for employees by employers (3) if the employer is a state, a political subdivision of a state or an agent or instrumentality of a state or political subdivision of a state, (4) the premiums are not included in the employees' adjusted gross income and (5) the company claiming the exemption is from a state which has a similar exemption available to Colorado companies doing business in that state. The portion of the premium contributed by a public entity employer to the typical employee benefit plan meets these criteria and is exempt from the premium tax.
The retaliatory provision of C.R.S. 1973, 10-3-209(2) applies to the public entity premium tax exemption. Therefore, a foreign insurance company is entitled to the exemption only if it meets all the pertinent criteria and the state in which it is incorporated has a similar exemption available to Colorado insurance companies.
[1] The statute exempts premium tax when the employer is "a state, a political subdivision of a state etc." (emphasis added) and the employee pays Colorado income tax. Therefore the statute could apply to a Colorado resident working for a foreign state or political subdivision thereof. However, for the sake of simplicity, the analysis in this opinion assumes that the employer is Colorado or a political subdivision thereof.
[2] The obvious purpose of the public entity premium tax exemption is to allow public entities to save money on their employee benefit insurance premiums. Although the statute does not require the insurance company to pass on to the employer the money saved through the exemption, it is clear that the legislation expects this to happen.